USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/10/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER O'ROURKE,

Plaintiff,

-against-

UPPER EAST CHEMISTS, INC.,

Defendant.

19-CV-8764 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By order dated October 30, 2019 (Dkt. No. 14), the Court scheduled an initial case management conference for December 10, 2019, requiring "each party's principal trial attorney to attend the conference." (*Id.* at 1.)

By letter dated December 5, 2019, defendant requested that the Court adjourn the conference one day, to December 11, 2019. (Dkt. No. 16.) Plaintiff's sole counsel of record, attorney Hector V. Ramirez, consented to the request. (*Id.*) The Court adjourned the conference to December 11, 2019. (Dkt. No. 17.)

By letter dated December 9, 2019, attorney Ramirez, whose office is in Florida, advised the Court that he would be "in Florida" on December 11, 2019, and had "inadvertently agreed" to reschedule the conference for that date. (Dkt. No. 18). Attorney Ramirez requested "leave to appear telephonically for the conference." (*Id.*)

The Court denied the request, writing:

The Court expects each party's principal trial attorney to appear at the initial case management conference in person absent compelling circumstances. The out-of-state residence of attorney Ramirez – who is listed as counsel in 160 cases filed in this District since 2017 – is not a compelling circumstance. If the parties' principal trial counsel cannot attend the conference currently scheduled for December 11, 2019, in person, they shall promptly and jointly call chambers to reschedule.

(Dkt. No. 19.) The parties promptly called chambers to reschedule. By order dated December 10, 2019, the Court adjourned the initial case management conference to January 9, 2020, but reminded the parties that "[a]ll other provisions of the Court's Order Scheduling Initial Case Management Conference (Dkt. No. 14) remain in effect." (Dkt. No. 20.)

On January 9, 2020, defendant appeared at the initial case management conference though its principal trial attorney. Plaintiff, however, appeared through attorney Philip Z. Kimball, who first entered a Notice of Appearance on January 8, 2020. (Dkt. No. 21.) Attorney Kimball acknowledged he was not plaintiff's principal trial attorney and demonstrated a lack of familiarity with the case.

Though the Court appreciates attorney Ramirez's subsequent letter apologizing for his absence (Dkt. No. 22), his unexcused failure to appear at the January 9, 2020 initial case management conference, after having been repeatedly directed to do so, has delayed the progress of this action, imposed unnecessary costs on defendant and on the court system, and is sanctionable pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. For these reasons it is hereby ORDERED, *sua sponte*, that:

1. Plaintiff's principal trial counsel shall promptly reimburse defendant for its expenses, including reasonable attorney's fees, incurred in attending the initial case management conference on January 9, 2020. Since defendant's counsel has a Manhattan office, and since the conference was quickly adjourned, the Court estimates that defendant incurred $300 in reimbursable expenses.

2. If defendant wishes to seek additional sanctions, it must, no later than **January 14, 2020,** submit one or more affidavits or declarations detailing its expenses incurred in attending the January 9 conference, supported by properly authenticated time records documenting any request for attorney's fees and receipts documenting any request for out-of-pocket expenses.

3. If defendant accepts the Court's expense estimate, plaintiff's principal trial counsel shall pay defendant $300 no later than **January 17, 2020.** Counsel shall not charge this sum to his client.

4. No later than **January 17, 2020**, the parties shall file a joint letter including all dates in February, 2020 on which their principal trial attorneys are available for a rescheduled initial case management conference.

Nothing in this Order affects the parties' other litigation deadlines or obligations.

Dated: New York, New York
       January 10, 2020      **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**